Ashley M. McDow, SBN: 245114
*amcdow@bakerlaw.com*
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, California 90025-1720
Telephone: (310) 820-8800
Facsimile: (310) 820-8859

Counsel for Jeffrey I. Golden,
Chapter 7 Trustee

FILED & ENTERED

NOV 06 2013

CLERK U.S. BANKRUPTCY COURT
Central District of California
BY bolte DEPUTY CLERK

CHANGES MADE BY COURT

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**SANTA ANA DIVISION**

In re:

JEFFREY SUMNER CHILDS,

Debtor.

Case No. 8:12-bk-23047-MW
Chapter 7

**ORDER APPROVING STIPULATION FOR SUBORDINATION OF SECURED CREDITOR CLAIM**

[Relates to Docket No. 123]

On or about September 17, 2013, Jeffrey I. Golden, the chapter 7 trustee in the above-captioned matter, (the "Trustee"), filed a stipulation (the "Stipulation") regarding the subordination of any and all claims of Sean P. Tucker and Leslie A. Tucker (collectively the "Secured Creditors") in the above captioned case (the "Bankruptcy Case") [Docket No. 123]. On the same date, the Trustee filed a *Motion for Approval of Stipulation for Subordination of Secured Creditor Claim* and concurrently filed his declaration in support thereof (collectively, the "Motion"), [Docket Nos. 124 & 125].

On or about October 3, 2013, Triple Nine Plus Fine Land and Mining Company, LLC, and C.B. Nanda (collectively "Nanda") filed a *Notice of Opposition and Request for a Hearing* (the "Opposition") [Docket No. 141]. The Trustee's Motion and Nanda's Opposition duly came

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

on for hearing on Monday, October 21, 2013. Having considered the pleadings and papers on file, the oral arguments of counsel, and good cause appearing therefor, it is hereby ordered that:

1. The Stipulation, dated August 27, 2013 and executed by Ashley McDow on behalf of Jeffrey I. Golden, Chapter 7 Trustee, and Roger Friedman on behalf of Sean P. Tucker and Leslie A. Tucker, secured creditors, which is attached hereto as Exhibit "A" to the proposed form of order, and incorporated herein by reference, is approved, and is clarified as follows:

A. The Trustee shall reserve the lesser of ten thousand dollars and zero cents ($10,000.00) or fifty percent (50%) of the allowed general unsecured claims (the "General Unsecured Allocation") to be paid only to holders of the allowed general unsecured claims on a pro rata basis. Neither the Trustee or his professionals nor the Secured Creditors shall be paid on any basis in this case unless and until (1) funds sufficient to satisfy the General Unsecured Allocation have been set aside, and (2) holders of general unsecured claims shall have received payment of all such set aside funds.

B. The Secured Creditors shall not be entitled to receive any portion of the General Unsecured Allocation.

**CONSENT AND APPROVED AS TO FORM AND CONTENT**:

______***[see attached Exhibit "A"]***_____
Sean P. Tucker, Secured Creditor

______***[see Attached Exhibit "A"]***_____
Leslie A. Tucker, Secured Creditor

**IT IS SO ORDERED.**

Date: November 6, 2013

Mark S. Wallace
United States Bankruptcy Judge

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# CONSENT AND APPROVED AS TO FORM AND CONTENT BY SECURED CREDITORS

Ashley M. McDow, SBN: 245114
*amcdow@bakerlaw.com*
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, California 90025-1720
Telephone: (310) 820-8800
Facsimile: (310) 820-8859

Counsel for Jeffrey I. Golden,
Chapter 7 Trustee

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

In re:

JEFFREY SUMNER CHILDS,

Debtor.

Case No. 8:12-bk-23047-MW

Chapter 7

**ORDER APPROVING STIPULATION FOR SUBORDINATION OF SECURED CREDITOR CLAIM**

On or about September 17, 2013, Jeffrey I. Golden, the chapter 7 trustee in the above-captioned matter, (the "Trustee"), filed a stipulation (the "Stipulation") regarding the subordination of any and all claims of Sean P. Tucker and Leslie A. Tucker (collectively the "Secured Creditors") in the above captioned case (the "Bankruptcy Case") [Docket No. 123]. On the same date, the Trustee filed a *Motion for Approval of Stipulation for Subordination of Secured Creditor Claim* and concurrently filed his declaration in support thereof (collectively, the "Motion"), [Docket Nos. 124 & 125].

On or about October 3, 2013, Triple Nine Plus Fine Land and Mining Company, LLC, and C.B. Nanda (collectively "Nanda") filed a *Notice of Opposition and Request for a Hearing* (the "Opposition") [Docket No. 141]. The Trustee's Motion and Nanda's Opposition duly came

on for hearing on Monday, October 21, 2013. Having considered the pleadings and papers on file, the oral arguments of counsel, and good cause appearing therefor, it is hereby ordered that:

1. The Stipulation, which is attached hereto as Exhibit "A," and incorporated herein by reference, is approved, and is clarified as follows:

A. The Trustee shall reserve the lesser of ten thousand dollars and zero cents ($10,000.00) or fifty percent (50%) of the allowed general unsecured claims (the "General Unsecured Allocation") to be paid only to holders of the allowed general unsecured claims on a pro rata basis. Neither the Trustee or his professionals nor the Secured Creditors shall be paid unless and until funds sufficient to satisfy the General Unsecured Allocation have been set aside.

B. The Secured Creditors shall not be entitled to receive any portion of the General Unsecured Allocation.

**CONSENT AND APPROVED AS TO FORM AND CONTENT:**

Sean P. Tucker, Secured Creditor

Leslie A. Tucker, Secured Creditor

**IT IS SO ORDERED.**

###

BAKER & HOSTETLER LLP
ATTORNEYS AT LAW
LOS ANGELES

# EXHIBIT "A" TO ORDER

Ashley M. McDow, SBN 245114
*amcdow@bakerlaw.com*
BAKER & HOSTETLER LLP
12100 Wilshire Boulevard, 15th Floor
Los Angeles, California 90025-1720
Telephone: (310) 820-8800
Facsimile: (310) 820-8859

Counsel for JEFFREY I. GOLDEN
Chapter 7 Trustee

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
P.O. Box 2470
Costa Mesa, California 92628-2470
Tel (714) 445-1013 Fax (714)-966-1002

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SANTA ANA DIVISION**

| | |
|---|---|
| In re<br><br>JEFFREY SUMNER CHILDS,<br><br>Debtor. | Case No. 8:12-bk-23047-MW<br><br>Chapter 7<br><br>**STIPULATION FOR SUBORDINATION OF SECURED CREDITOR CLAIM** |

Jeffrey I. Golden as Chapter 7 Trustee ("Trustee") on one hand, and Sean P. Tucker and Leslie A. Tucker as secured creditors (collectively, "Secured Creditors") of the bankruptcy estate (the "Estate") of debtor Jeffrey Summer Childs ("Debtor"), on the other hand, by and through their respective counsel of record, hereby recite the following facts in connection with the instant Stipulation for Subordination of Secured Creditor Claim ("Stipulation"):

**RECITALS**

**WHEREAS**, on or about November 13, 2012 ("Petition Date"), the Debtor filed a bankruptcy petition ("Petition") under Chapter 7 of Title 11 of the United States Code ("Bankruptcy Code"), thereby initiating Bankruptcy Case No. 8:12-bk-23047-MW (the "Case,.);

**WHEREAS**, Schedule D of the Petition values the Secured Creditors' secured claim and liens ("Claims") against the Estate at $2,400,000.00;

**WHEREAS**, Secured Creditors assert that their Claims, including the accrual of post-judgment interest and fees and costs of collection, well exceed $2,400,000.00.

**WHEREAS**, Secured Creditors assert that their Claims are secured by essentially all of the assets of the Estate;

**WHEREAS**, Trustee is informed and believes that Secured Creditors are the largest creditors of the Estate;

**WHEREAS**, Secured Creditors and Trustee desire to subordinate the Secured Creditors' Claims to all reasonable and necessary, Court-approved fees and expenses of the Trustee, so that the Trustee may pursue the recovery of funds and/or property of the Estate for the benefit of the Estate and all creditors of the Estate, including but not limited to Secured Creditors.

Smiley, Wang Ekvall & Strok, LLP
Weiland, Golden,
P. O. Box 2470
Costa Mesa, California 92628-2470
Tel (714) 445-1013 Fax (714)-966-1002

**SUBJECT TO COURT APPROVAL, IT IS THEREFORE MUTUALLY AGREED AND STIPULATED** by and among Trustee and Secured Creditors through their respective counsel of record as follows:

1. Secured Creditors shall subordinate (the "Subordination") their Claims to all statutory, reasonable and necessary, Court-approved fees and expenses of the Trustee and his professionals and agents relating to .or arising from the administration, collection, preservation and liquidation of Estate property, including all reasonable and necessary, fees and expenses relating to or arising from investigation, liquidation, and litigation relating to Debtor's residence and any other avoidance actions or proceedings seeking to recover funds or property for the Estate, and pursuing a §727 action, including the Debtor's interest in Triple Nine Plus Fine Land and Mining Co., LLC, and/or other entities related to the same partnership with C.B. Nanda and the 13,000+ acres, plus placer, lode and millsite claims in Kern and San Bernardino Counties in California ("Triple Nine Matter").

2. Trustee and his professionals and agents will file fee applications upon notice as contemplated under the applicable rules and statutes, including but not limited to, Title 11 of the United States Code Sections 330 and 331, Federal Rules of Bankruptcy Procedure ("FRBP") Rule 2016, and United States Bankruptcy Court, Central District of California, Local Bankruptcy Rules 2016-1 and 2016-2;

3. Trustee will regularly and often keep Secured Creditors informed of the progress and administration of the Case in writing, in person and by telephone not less than every two weeks, and Trustee will regularly and often conduct status update conference calls with Sean Tucker and/or his counsel, not less than every two weeks.

4. Trustee will file an application and notice to hire real estate broker Coldwell Banker to market and sell Debtor's house located at 1139 Aviemore Terrace, Costa Mesa, California 92627 ("House"), no later than 5 days prior to the September 23, 2013 hearing on Trustee's Motion for Order: (1) Compelling Debtor to Turn Over, Vacate, and Surrender Property of the Estate Pursuant to 11 U.S.C. § 542(a); (2) Issuing Writ of Execution Pursuant to Federal Rule of Bankruptcy Procedure 7070; (3) Approving Sale of Assets Free and Clear of Liens Pursuant to 11 U.S.C. § 363(b) and (f); and (4) Waiving the Stay Imposed by Fed. R. Bankr. P. 6004 [Dkt. No. 106, filed 08/15/13] ("Turnover Motion"). Trustee shall proceed with the hearing on the Turnover Motion as currently scheduled on September 23, 2013, and shall not agree with Debtor or any third parties to continue the hearing date on the Turnover Motion;

5. Trustee agrees to list Debtor's house on the market, including listing on one or more Multiple Listing Services, only after Trustee takes possession of the House, but not to exceed 60 days after taking possession, thus allowing the Trustee time to clean the House, remove all Debtor's Personal Property, and all other necessary actions to maximize the sale price of the House;

6. Trustee will seek an order from the Court for an interim cash distribution to Secured Creditors from the proceeds of the sale of Debtor's House, in accordance with

Weiland, Golden, Smiley, Wang Ekvall & Strok, LLP
P.O. Box 2470
Costa Mesa, California 92628-2470
Tel (714) 445-1013 Fax (714)-966-1002

FRBP Rule 3009, in a minimum amount of $225,000.00 or 75% of the remaining sale proceeds, (whichever is greater), after all other liens, subordinated Court-approved fees and expenses, and projected fees and expenses ("Projected Administrative Claims"). Projected Administrative Claims shall be defined as statutory, reasonable and necessary, future fees and expenses of the Trustee, his professionals and agents, and any other administrative claims, which require payment, and the amount referenced in paragraph 9. The parties will attempt to agree on the amount of the Projected Administrative claims. If the parties cannot agree on projected fees and expenses, the Bankruptcy Court will determine the amount.

7. Trustee will reimburse Secured Creditors as part of Trustee expenses from the sale proceeds of the Debtor's home for any money Secured Creditors advance to the Estate for anything, including, but not limited to, fees paid to state and/or federal agencies for the 133 mining claims on the Triple Nine Matter property that are due no later than September 1, 2013, that the Trustee does not currently have any funds in the estate to cover.

8. Trustee authorizes, allows and will facilitate for Secured Creditors to take possession of Debtor's Personal property within 5 business days of Debtor vacating his House so that Secured Creditors can begin to clean, photograph, market and sell Debtors Personal Property on behalf of the Estate. Secured Creditors agree that the first $40,000 of NET proceeds from the sale of the Personal property or 50% of the NET sale proceeds (whichever is greater), will be paid to the Trustee directly by the Secured Creditors after Secured Creditors receive proceeds from the sale of such Personal Property, unless escrow has closed on the sale of Debtor's House and at least $40,000 is available to Trustee from the proceeds on the sale of Debtor's House. Trustee further agrees that Secured Creditors may deduct any reasonable and necessary expenses incurred by Secured Creditors for shipping, packaging, photographing, storing, transporting, eBay listing and sale fees, local area consultants to help Secured Creditors physically sell Personal Property, etc. Trustee agrees to receive this payment only, if Debtors House

Smiley, Wang Ekvall & Strok, LLP
Weiland, Golden,
P.O. Box 2470
Costa Mesa, California 92628-2470
Tel (714) 445-1013 Fax (714)-966-1002

Weiland, Golden,
Smiley, Wang Ekvall & Strok, LLP
P.O. Box 2470
Costa Mesa, California 92628-2470
Tel (714) 445-1013 Fax (714)-966-1002

has not closed escrow from the sale proceeds of the Personal Property of Debtor after the Personal Property has been sold by Secured Creditors, not to exceed 180 days from the date Secured Creditors take physical possession of such Personal Property of Debtor. Secured Creditors may keep all remaining proceeds that are not paid to the Trustee, if any. Secured Creditors will provide Trustee with a full accounting of all sales and expenses for the sale of Personal Property at the end of each calendar month until all Personal Property of which Secured Creditors take possession is sold.

9. Any interim distribution order shall ensure that at least $10,000.00 or 50 percent of the allowed general unsecured claims, whichever is less, is segregated for distribution to general unsecured creditors.

10. The Trustee agrees to file a § 727 action against Debtor no later than September 15, 2013, as the Trustee deems appropriate.

11. Trustee will use his best efforts to pursue all legal means necessary to attempt to undo and/or not pay any, or partial monies to SunWest Mortgage Company, Inc. for the reverse mortgage it provided to Debtor secured by a deed of trust on Debtor's House, that Trustee believes may have been illegally issued.

12. Trustee will share monthly legal bills with Secured Creditors no later than 15 calendar days after the end of each calendar month, or sooner if possible.

13. Trustee authorizes Secured Creditors to share Trustee approved information and documents on the Triple Nine Matter with potential buyers and/or investors in Triple Nine, and/or Trustee agrees to provide such information to potential buyers and/or investors in Triple Nine within 3 days of Secured Creditors notifying Trustee of the names, email addresses and physical mailing addresses of persons and/or entities who are potential buyers and/or investors.

14. Trustee will move to compel by Court order persons and/or entities that do not comply with document subpoenas, or Rule 2004 examination orders within 5 business days after the deadline for such persons or entities to appear or respond to subpoenas

and/or orders, pending the outcome of local bankruptcy discovery rules and/or both parties determining in writing that it does not make business sense to proceed further.

15. Trustee agrees to share with Secured Creditors any and all documents and information he receives within 5 business days after receiving responses to subpoenas and/or orders from individuals and entities in the Case, as well as any video, or transcripts of any and all 2004 examinations or depositions in the case.

16. The signatories to this Stipulation represent and warrant that they have the authority to execute this Stipulation on behalf of their clients and to bind their clients to the terms of this Stipulation; and

17. This Stipulation may be signed by the signatories hereto in any number of counterparts, each of which when so signed shall be an original, but all of which shall together constitute one and the same instrument. A signed facsimile, photo static or electronic copy of this Stipulation shall be deemed an original.

18. This stipulation may be amended in writing if signed by both parties and if approved by the Court.

**IT IS SO STIPULATED.**

DATED: August 27, 2013

BAKER & HOSTETLER LLP

By: ______________________
Ashley McDow

Counsel for JEFFREY I. GOLDEN
Chapter 7 Trustee

DATED: August 27 , 2013

RUTAN & TUCKER, LLP

By: ______________________
Roger Friedman

Counsel for SEAN P. TUCKER and
LESLIE A. TUCKER, Secured Creditors

Smiley, Wang Ekvall & Strok, LLP
Weiland, Golden,
P.O. Box 2470
Costa Mesa, California 92628-2470
Tel (714) 445-1013 Fax (714) 966-1002

## NOTICE OF ENTERED ORDER AND SERVICE LIST

Notice is given by the court that a judgment or order entitled (*specify*): **ORDER APPROVING STIPULATION FOR SUBORDINATION OF SECURED CREDITOR CLAIM** was entered on the date indicated as Entered on the first page of this judgment or order and will be served in the manner stated below:

**1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF):** Pursuant to controlling General Orders and LBRs, the foregoing document was served on the following persons by the court via NEF and hyperlink to the judgment or order. As of **November 4, 2013**, the following persons are currently on the Electronic Mail Notice List for this bankruptcy case or adversary proceeding to receive NEF transmission at the email addresses stated below.

- Julian K Bach Julian@Jbachlaw.com
- Roger F Friedman rfriedman@rutan.com
- Jeffrey I Golden (TR) ljones@wgllp.com, jig@trustesolutions.net
- Vanessa M Haberbush vhaberbush@lbinsolvency.com, dhaberbush@lbinsolvency.com,ahaberbush@lbinsolvency.com,julrich@lbinsolvency.com,abostic@lbinsolvency.com,thurd@lbinsolvency.com
- Ashley M McDow amcdow@bakerlaw.com, rojeda@bakerlaw.com;gharris@bakerlaw.com
- Ramesh Singh claims@recoverycorp.com
- Scott C Timpe stimpe@mbnlawyers.com, scott.timpe@gmail.com;aacosta@mbnlawyers.com
- United States Trustee (SA) ustpregion16.sa.ecf@usdoj.gov

**2. SERVED BY THE COURT VIA UNITED STATES MAIL:** A copy of this notice and a true copy of this judgment or order was sent by United States mail, first class, postage prepaid, to the following persons and/or entities at the addresses indicated below:

**3. TO BE SERVED BY THE LODGING PARTY**: Within 72 hours after receipt of a copy of this judgment or order which bears an Entered stamp, the party lodging the judgment or order will serve a complete copy bearing an Entered stamp by United States mail, overnight mail, facsimile transmission or email and file a proof of service of the entered order on the following persons and/or entities at the addresses, facsimile transmission numbers, and/or email addresses stated below:

Jeffrey Sumner Childs
1139 Aviemore Terrace
Costa Mesa, CA 92627

Bill Friedman
Coldwell Banker
8840 S. Sepulveda Boulevard
Los Angeles, CA 90045