GEORGE B. PIGGOTT (SBN 68227)
A member of GEORGE B. PIGGOTT,
A PROFESSIONAL CORPORATION
2603 Main Street, Penthouse
Irvine, California 92614-6232
Tel:   (949) 261-0500
Fax:  (949) 261-1085

Attorney for Creditor and Objector
C.B. NANDA

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JEFFREY SUMNER CHILDS,<br><br>Debtor. | Case No.: 8:12-bk-23047-MW<br><br>Chapter 7<br><br>**OBJECTION BY C.B. NANDA TO PROPOSED ORDER GRANTING MOTION FOR CLARIFICTION OF ORDER APPROVING SALE AND TRANSFE OF ASSETS TO SEAN TUCKER AND LESLIE TUCKER; PROPOSED ALTERNATIVE ORDER ATTACHED** |

      C.B. NANDA ("Nanda"), a creditor and objector in the above-captioned case, hereby objects to the proposed form of order submitted by SEAN TUCKER and LESLIE TUCKER (the "Tuckers") on October 23, 2018 (the "Tuckers' Proposed Order") with respect to the Motion for Clarification of Order Approving Sale and Transfer of Assets to Sean Tucker and Leslie Tucker (the "Motion"). The Tuckers' Proposed Order, which appears to re-state verbatim the Court's tentative ruling on the Motion ("Tentative Ruling") except for the addition of paragraph lettering  and the concluding language at page 5, lines 4-6, incorporates a parenthetical statement from the Court's Tentative Ruling on page 2, line 5, which refers to Gold Nugget Church as "an entity controlled by Mr. Childs". Although the inclusion of this statement in the Court's Tentative Ruling appears to have

1

1  been intended by the Court only as background, and not as a finding, Nanda objects to the inclusion

2  of the statement out of an abundance of caution so that it is not misconstrued as a finding because:

3  (1) the subject matter of the statement was not an issue raised in the Motion, it was not addressed in

4  the papers filed by the parties in connection with the Motion, and it was not addressed by counsel or

5  the Court at the hearing on the Motion, (2) Nanda disputes the statement that Gold Nugget Church

6  was or is an entity controlled by Jeffrey Sumner Childs ("Mr. Childs"), and (3) there was never any

7  proceeding, evidentiary or otherwise, conducted in the case in which the Court made a finding that

8  the Gold Nugget Church was or is an entity controlled by Mr. Childs. The parenthetical statement

9  should therefore be omitted from the Court's order on the Motion.

10  Attached hereto as Exhibit 1 is an alternative proposed order which attaches a copy of the

11  Tentative Ruling that has been redacted to omit the parenthetical statement "an entity controlled by

12  Mr. Childs" and adopts the Tentative Ruling as modified by the redaction.

13  Based on the foregoing, Nanda objects to the Proposed Order and respectfully requests that

14  the Court entered Nanda's alternative proposed form of order.

DATED: October 30, 2018                          Respectfully submitted,


/s/George B. Piggott
GEORGE B. PIGGOTT, a member of
GEORGE B. PIGGOT, A PROFESSIONAL
CORPORATION
Attorney for Creditor and Objector
C.B. NANDA

2

**EXHIBIT 1**

GEORGE B. PIGGOTT (SBN 68227)
A member of GEORGE B. PIGGOTT,
A PROFESSIONAL CORPORATION
2603 Main Street, Penthouse
Irvine, California 92614-6232
Tel: (949) 261-0500
Fax: (949) 261-1085

Attorney for Creditor and Objector
C.B. NANDA

# UNITED STATES BANKRUPTCY COURT

# CENTRAL DISTRICT OF CALIFORNIA

# SANTA ANA DIVISION

| | |
|---|---|
| In re<br><br>JEFFREY SUMNER CHILDS,<br><br>        Debtor. | Case No.: 8:12-bk-23047-MW<br><br>Chapter 7<br><br>**[PROPOSED ORDER] GRANTING MOTION FOR CLARIFICTION OF ORDER APPROVING SALE AND TRANSFE OF ASSETS TO SEAN TUCKER AND LESLIE TUCKER;** |

      The Court having considered (a) the *Motion for Clarification of Order Approving Sale and Transfer of Assets to Sean Tucker and Leslies Tucker* [Docket No. 733] (the "Motion"); the *Opposition to Motion for Clarification of Order Approving Sale and Transfer of Assets to Sean Tucker and Leslie Tucker* [Docket No. 736] (the 'Objection") filed by C.B. NANDA ("Nanda") and the declaration filed in support thereof [Docket No. 737], and (c) the *Reply to Opposition to Motion for Clarification of Order Approving Sale and Transfer of Assets to Sean Tucker and Leslie Tucker* [Docket No. 738]; and upon all pleadings filed in connection with the Motion and in this chapter 7 case; and upon the record of the hearing on the Motion on October 22, 2018 where the Court heard oral argument; and the Court finding that notice and servicer were proper and that cause exists to grant the relief requested;

      Sean Tucker and Leslie Tucker having submitted a proposed order on the Motion; and

1  C. B. Nanda having timely filed and served an objection to the proposed order submitted by Sean Tucker and Leslie Tucker on the Motion;

**IT IS HEREBY ORDERED** that the Court's tentative ruling on the Motion is hereby adopted by the Court as its final order on the Motion, as modified by redaction appearing thereon, a true and correct copy of which as modified is attached hereto as Exhibit "A".

###

**EXHIBIT A**

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Mark Wallace, Presiding
Courtroom 6C Calendar

---

**Monday, October 22, 2018**               **Hearing Room**    **6C**

---

**2:00 PM**
**8:12-23047    Jeffrey Sumner Childs**                                 **Chapter 7**

     **#1.00**

         Hearing RE:  Motion For Clarification Of Order Approving Sale And Transfer Of Assets To Sean Tucker And Leslie Tucker
(Motion filed 9/20/18)

                            Docket      733

**Tentative Ruling:**

     **APPEARANCES REQUIRED**.

In July 2005, Jeffrey Sumner Childs ("Mr. Childs") acquired an option to purchase certain mining claims in San Bernardino County and Kern County, California.  Less than one year later, in March 2006, Mr. Childs, C.B. Nanda ("Mr. Nanda") and possibly certain other parties entered into an "Agreement for Triple Nine Plus Fine Land and Mining Company, L.L.C." ("TNPF") for the purpose of acquiring and holding title to mining claims located in San Bernardino and Kern Counties.  TNPF did in fact acquire such mining claims around March 2006.

The TNPF LLC agreement referred to in the preceding paragraph shows Mr. Childs holding a 16.5 percent interest, the Gold Nugget Church    REDACTEDREDACTED    holding a 27.5 percent interest, Mr. Nanda holding a 40 percent interest, with the interests aggregating 5.5 percent held by "Bob," "Cyclist," "Bullion dealer #1," and "Bullion dealer #2."  (Note that these percentages do not add up to 100 percent.)

Thereafter, major disputes erupted between Mr. Childs and Mr. Nanda, with allegations of fraud and sharp business practices hurled back and forth.  Mr. Childs alleged that Mr. Nanda looted TNPF and caused it to transfer the mining claims to other entities owned or controlled by Mr. Nanda for little or no consideration.  Mr. Nanda denies that he engaged in improprieties.

Mr. Nanda appears to have caused TNPF to commence an action in Orange County Superior Court in 2009 against Mr. Childs for breach of contract, fraud and other causes of action.  This case was assigned case number 30-2009-00125417-CU-BC-CJC (the "State Court Action").  As originally filed, the complaint sought money damages for fraud but did not

---

# United States Bankruptcy Court
# Central District of California
Santa Ana
Judge Mark Wallace, Presiding
Courtroom 6C Calendar

**Monday, October 22, 2018**                                                                 **Hearing Room    6C**

<u>2:00 PM</u>
**CONT...    Jeffrey Sumner Childs                                                                      Chapter 7**

request the equitable remedy of rescission of the transaction whereby Mr. Childs acquired his membership interests in TNPL.

Mr. Childs filed a chapter 7 petition in this Court in November 2012. Long and protracted legal battles ensued among Mr. Childs, Mr. Nanda, Jeffrey Golden (the chapter 7 trustee for Mr. Childs's bankruptcy estate), and Sean and Leslie Tucker. (Sean Tucker apparently was the "Cyclist" referred to above and later provided a loan to the bankruptcy estate to provide it with the financial wherewithal to continue litigating against Mr. Nanda.) Five years later, in 2017, the chapter 7 trustee proposed to sell the estate assets related to the mining claims to the highest bidder. The Tuckers and Mr. Nanda each entered competing bids, with the Tuckers as emerging as the winning bidders.

The assets purchased by the Tuckers under the Asset Purchase Agreement approved by this Court in its Order Approving Sale and Transfer of Assets to Sean and Leslie Tucker, Docket No. 585, filed and entered February 21, 2017 (the "Sale Order"), include all the bankruptcy estate's interest (which equates to all Mr. Child's interest immediately before the filing of bankruptcy petition, *see* 11 U.S.C. § 541(a)) in TNPF. The Court did not determine the specific percentage amount of membership interests held by the estate in TNPF, but whatever that percentage interest was, the Tuckers acquired it. Because the Tuckers, who were willing buyers, paid hundreds of thousands of dollars for these assets through a credit bid of their loan to the estate (plus promises to pay even more if certain targeted amounts were earned through the mining claims), and because as a practical matter the principal asset being acquired was the estate's interest in TPFN's mining claims (or in the entities to which such claims had been transferred), it is established that these assets had a value greater than zero – as determined by an arm's length sale with two active bidders.

The sale was conducted under the authority of Section 363(f) of the Bankruptcy Code, which expressly authorizes a sale of property free and clear of <u>any</u> interest in such property where a bona fide dispute exists as to such interest. 11 U.S.C. § 363(f)(4). That a bona dispute existed as to Mr. Nanda's interest (and/or the interest of entities owned or controlled by him) in Mr. Childs's interest and later the estate's interest in TNPF was as clearly established as any proposition possibly could be, for the parties had been fighting over precisely this matter for the better part of a decade.

Recognizing that the requirements of Bankruptcy Code section 363(f) had been fully satisfied, the Court's Sale Order provided on page 4, lines 1-2 that "IT IS FURTHER

# United States Bankruptcy Court
## Central District of California
Santa Ana
Judge Mark Wallace, Presiding
Courtroom 6C Calendar

**Monday, October 22, 2018**             Hearing Room    **6C**

<u>2:00 PM</u>
**CONT...    Jeffrey Sumner Childs**             **Chapter 7**

ORDERED that the sale and transfer of the Assets is free and clear of all liens, claims, encumbrances and other interests . . . ."

The Court is informed that Mr. Nanda has amended his complaint in the State Court Action to seek rescission of the issuance of TNPF membership interests to Mr. Childs on grounds of fraud committed by Mr. Childs (as opposed to a more limited request for money damages). If such rescission were awarded, it would deprive the Tuckers of the very property they purchased in this Court pursuant to the Sale Order and the Asset Purchase Agreement.

The issue before this Court is whether this Court's Sale Order cuts off and eliminates any and all rights Mr. Nanda (and/or entities owned or controlled by him) has or may have to seek rescission by reason of provisions in the Sale Order that make the sale to the Tuckers "free and clear of all liens, claims, encumbrances and other interests."

The United States Court of Appeals for the Seventh Circuit has made it clear that the term "interest" in section 363(f) should not be understood in any narrow or special sense. Instead, a broad interpretation is favored. *Precision Indus., Inc. v. Qualitech Steel SBQ, LLC*, 327 F.3d 537, 545 (7th Cir. 2003).

The Seventh Circuit has also held that a proceeding under section 363 is an *in rem* proceeding in which property rights are transferred, and such rights are good against the entire world. *Gekas v. Pipin (In the Matter of Met-L-Wood Corp.),* 861 F.2d 1012, 1017 (7th Cir. 1988).

Various authorities make it clear that rights arising in third parties as a result of prepetition bad acts of the debtor or persons affiliated with the debtor that could otherwise be asserted to deprive a buyer at a section 363 sale of the property so acquired (or otherwise impact such property by reducing its value) are wiped out and eliminated in a section 363 sale when such sale, like the one at issue here, is made free and clear of interests of third parties.

One such authority is *Regions Bank v. J.R. Oil Co., LLC*, 387 F.3d 721 (8th Cir. 2004), where prepetition bad acts involving bank fraud giving rise to RICO claims were eliminated as to the buyer of the bankruptcy estate's assets where the underlying sale occurred under the authority of section 363(f) and the bankruptcy court approved the sale free and clear of all liens, claims and encumbrances.

Another is a case cited by the Tuckers, *Pusser's (2001) Ltd. v. HMX, LLC,* No. 11 C 4659,

# United States Bankruptcy Court
# Central District of California
## Santa Ana
## Judge Mark Wallace, Presiding
## Courtroom 6C Calendar

**Monday, October 22, 2018**                                                                 **Hearing Room      6C**

<u>2:00 PM</u>
**CONT...      Jeffrey Sumner Childs**                                                                      **Chapter 7**

2012 U.S. Dist. LEXIS 43199 (N.D. Ill., March 28, 2012).  In that case, a right to seek cancellation of a trademark as a result of prepetition bad conduct was eliminated as a result of a section 363 sale to a buyer where the sale of the trademark was free and clear of the interests of other parties in the trademark.

On the strength of these authorities and a broad interpretation of the meaning of the word "interest" in section 363, the Court holds that any right Mr. Nanda and/or entities owned or controlled by him may have had to rescind TNPF's issuance of membership interests to Mr. Childs (such interests now being the Tuckers' property) was eliminated as a result of the Sale Order's "sale free and clear" provisions.  This is in no way an amendment of the Sale Order but merely an interpretation of it, as this Court is entitled to do.

The motion is granted.

MOVANT TO LODGE ORDER VIA LOU WITHIN 7 DAYS.

| **Party Information** |
|---|

**Debtor(s):**

   Jeffrey Sumner Childs                                        Pro Se

**Trustee(s):**

   Jeffrey I Golden (TR)                                          Represented By
                                                                              Ashley M McDow
                                                                             Jeffrey I Golden (TR)
                                                                             Michael T Delaney

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is:  2603 Main Street, Penthouse, Irvine, CA  92614.

A true and correct copy of the foregoing document entitled (*specify*): **OBJECTION BY C.B. NANDA TO PROPOSED ORDER GRANTING MOTION FOR CLARIFICTION OF ORDER APPROVING SALE AND TRANSFE OF ASSETS TO SEAN TUCKER AND LESLIE TUCKER; PROPOSED ALTERNATIVE ORDER ATTACHED** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**.  **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **October 30, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

**Carel Ale** – cale@susmangodfrey.com, mwilliams@susmangodfrey.com, RBruton@susmangodfrey.com, jdunaven@susmangodfrey.com
**Louis H. Altman** – laltman@lbinsolvency.com, dhaberbush@lbinsolvency.com, vhaberbush@lbinsolvency.com, abostic@lbinsolvency.com, jborin@lbinsolvency.com
**Julian K. Bach** – Julian@Jbachlaw.com, julianbach@sbcglobal.net
**Michael Jay Berger** – Michael.berger@bankruptcypower.com, yathida.nipha@bankruptcypower.com, michael.berger@ecf.inforuptcy.com
**Christopher L. Blank** – chris@chrisblanklaw.com
**Michael T. Delaney** – mdelaney@bakerlaw.com
**Oleg Elkhunovich** – oelkhunovich@susmangodfrey.com, gwise@susmangodfrey.com, mwilliams@susmangodfrey.com
**Roger F. Friedman** – rfriedman@rutan.com
**Jeffrey I. Golden (TR)** – lwerner@wgllp.com, jig@trustesolutions.net, kadele@wgllp.com, lfisk@wgllp.com, ljones@wgllp.com
**Nancy S. Goldenberg** – nancy.goldenberg@usdoj.gov
**David R. Haberbush** – dhaberbusyh@lbinsolvency.com, ahaberbush@lbinsolvency.com, abostic@lbinsolvency.com, vhaberbush@lbinsolvency.com, haberbush.assistant@gmail.com, jborin@lbinsolvency.com
**Vanessa M. Haberbush** – vhaberbush@lbinsolvency.com, dhaberbusyh@lbinsolvency.com, ahaberbush@lbinsolvency.com, abostic@lbinsolvency.com, haberbush.assistant@gmail.com, jborin@lbinsolvency.com
**Michael D. McCaffrey** – mdm@mccaffreylaw.com
**Ashley M. McDow** – amcdow@foley.com, Khernandez@foley.com, Ffarivar@foley.com
**Randall P. Mroczynski** – randym@cookseylaw.com
**David L. Neale** – dln@inbyb.com
**Penelope Parmes** – Penelope@parmeslaw.com, anabel.pineda@troutman.com
**George B. Piggott** – gbpapc@aol.com
**Leonard M. Shulman** – lshulman@shblip.com
**Ramesh Singh –** claims@recoverycorp.com
**James Stang** – jstang@pszjlaw.com
**United States Trustee (SA)** – ustpregion16.sa.ecf@usdoj.gov
**Michael A. Wallin** – mwallin@wallinrussell.com
**Johnny White** – JWhite@wrslawyersl.com, aparisi@wrslawyers.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**:
On **October 30, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class,

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012* **F 9013-3.1.PROOF.SERVICE**

postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Jeffrey Sumner Childs
1354 Morningside Dr.
Laguna Beach, CA  92651

Kurt E. English
7700 Irvine Center Drive, Suite 800
Irvine, CA  92618

Crowe Horwath LLP
15233 Ventura Bl., 9th Floor
Sherman Oaks, CA  91403

Jeffrey S. Childs
1139 Aviemor Terrace
Costa Mesa, CA  92627

**Attorney for Triple Nine Plus Fine Land and Mining:**
Stephanie A. Pittaluga
608 Santa Maria
Irvine, CA  92606

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **October 30, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

**VIA PERSONAL DELIVERY**
Hon. Mark S. Wallace
United States Bankruptcy Court
411 West 4th Street, Suite 6135
Santa Ana, CA  92701-4593

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| October 30, 2018 | Pamela Pace | /s/ Pamela Pace |
| --- | --- | --- |
| *Date* | *Printed Name* | *Signature* |

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*

**F 9013-3.1.PROOF.SERVICE**